RECEIVED

MAR 2 9 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

---

| | |
|---|---|
| MATTHEW THOMAS | CIV. ACT. NO. 15-083 |
| -vs- | JUDGE DRELL |
| PROTECTIVE INS. CO. and | |
| LIBERTY MUTUAL INS. CO. | MAG. JUDGE HANNA |

---

## MEMORANDUM RULING

Before the court are opposing motions for summary judgment filed by Defendant Protective Insurance Company ("Protective") and Plaintiff, Matthew Thomas ("Plaintiff"). Docs. 14, 18. Each motion asserts entitlement to judgment as a matter of law under the well-established summary judgment standard employed by courts within the Fifth Circuit.

Plaintiff was a guest passenger traveling in a FedEx truck being driven by David Journet on or about April 13, 2012 on Walker Road in Lafayette, Louisiana. Complaint, Doc. 1-4 at ¶ 3. Plaintiff alleges that "an unknown truck" crossed the center line of Walker Road, causing Mr. Journet to run off the road and, thereafter, lose control of the vehicle and hit a culvert head on. Id. Plaintiff further alleges that he was ejected from the FedEx truck through its windshield as a result of the impact with the culvert, sustaining numerous injuries. Id. at ¶¶ 3, 5. Plaintiff recalls that the unknown truck did not stop after the accident and has not been identified. In support of his claims, Plaintiff offers the eyewitness account of Mr. Journet – the driver – which corroborates Plaintiff's account of the unknown truck and the nature of the accident. Doc. 18-1 at p. 2; Doc. 18-3 Deposition of David Journet).

Plaintiff filed the instant suit in Lafayette Parish's Fifteenth Judicial District Court on January 31, 2014, naming as defendants Protective and Liberty Mutual Insurance Company

1

("Liberty Mutual").   Doc. 1-4.   Liberty Mutual answered, denying uninsured/underinsured motorist coverage as to Plaintiff under any policy in existence at the time of the accident in question. Doc. 1-11. Subsequently, Judge Marilyn Castle granted a motion for summary judgment by Liberty Mutual, declaring that it owed no coverage to Plaintiff arising out of the April 2012 accident and dismissing Liberty Mutual from further proceedings. Doc. 1-5. Protective timely removed the suit to this court in January of 2015, invoking the court's diversity jurisdiction under 28 U.S.C. §1332. Doc. 1.

Protective's motion denies that Plaintiff can meet his burden of proof in this case and asks the court to render summary judgment in its favor. Doc. 14-1. Specifically, Protective points out that, in cases like this where an alleged "phantom vehicle" causes a motor vehicle accident, but makes no contact with the Plaintiff's vehicle, the Plaintiff bears the burden of proving that his injuries are the result of the actions of the unidentified vehicle. As asserted by Protective, both its policy and Louisiana law require that Plaintiff prove the fault of the unidentified vehicle through testimony from an "independent and disinterested witness[.]" La. R.S. 22:1295(1)(d)(i) and (1)(f); Doc. 14-3. Protective denies that Mr. Journet may be characterized as an "independent and disinterested witness" because he was the driver of the FedEx vehicle with a vested interest in not being found at fault in the accident and he and Plaintiff are friends. Doc. 14-1. Protective also argues that it was Mr. Journet's own actions in overcorrecting the FedEx truck, rather than those of any unidentified vehicle, that caused Plaintiff's alleged injuries. Id. at p. 8.

In contrast, Plaintiff's motion alleges entitlement to summary judgment based on the testimony of Mr. Journet. Doc. 18-1. Plaintiff insists that Journet may properly be considered "independent and disinterested" because, although he was the driver of the vehicle, he was not

2

subject to discipline when he gave his testimony and has not been named as a defendant in this suit. Id. at pp. 8-9.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "We consider all evidence 'in the light most favorable to the party resisting the motion.'" Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 quoting Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983).   However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

After review of the briefs in these opposing motions, the court finds that summary judgment is inappropriate in favor of either party.  The extent of Mr. Journet's current potential interest in the outcome of this matter is unclear to the court.  Moreover, given the nature of the accident and the fact that Mr. Journet did not, apparently, actually see the unidentified vehicle directly, the consideration of his testimony requires a credibility determination lying outside the scope of the court's proper role in summary judgment proceedings. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000) citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255 (1986).  Given the existence of genuine issues of material fact which bear upon the ultimate issues in this case, both motions for summary judgment will be DENIED.

3

The court will issue an order in conformity with these findings.


Alexandria, Louisiana

March 29ᵗʰ, 2017

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4